**FILED**
**Jul 16, 2019**
**02:35 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Michael Campbell,** | ) | **Docket No. 2019-06-0276** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Clarksville Holdings, LLC, d/b/a** | ) | |
| **Tennova Healthcare-Clarksville,** | ) | **State File No. 10813-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **Indemnity Insurance Co. of America,** | ) | |
| **Carrier.** | ) | **Judge Kenneth M. Switzer** |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

The Court held an expedited hearing on July 10, 2019, on Michael Campbell's request for medical and temporary disability benefits for a low-back injury he allegedly suffered while working at Tennova's hospital. For the reasons below, the Court holds he is entitled to additional medical benefits. The Court also refers the case to the Compliance Unit to consider the imposition of penalties.

### History of Claim

Mr. Campbell worked as a nurse at Tennova in the critical care unit. His duties required him to frequently lift and re-position patients and occasionally move their beds. As background, Mr. Campbell reported suffering an injury to his thoracic spine and mid-back on February 8, 2018, for which he saw Dr. Donald Huffman before returning to full-duty work.[1]

Mr. Campbell testified that on March 5, 2018, he started to feel back pain while working. Mr. Campbell agreed on cross-examination that no specific incident caused his pain; rather, the pain began after performing his various job duties including lifting patients and "the succession of activities."

---

[1] The First Report on Injury lists the date of injury as February 9, 2018.

Because his pain worsened over the next few days, Mr. Campbell saw Dr. William DeVries, an orthopedic surgeon, on March 12. Notes from that visit provided the following history:

> He works as a nurse in the critical care setting. He does a lot of lifting and has developed onset of pain involving his right lower extremity that began about 5 days ago. . . . He does have a Worker's Compensation claim for his back for which he underwent recent treatment.

(Ex. 6 at 1092.) Dr. DeVries diagnosed lumbar arthritis with right lower-extremity radicular symptoms. *Id.* He took Mr. Campbell off work until March 26. *Id.* at 1095. Dr. DeVries noted "it does appear to be a low back source and he may want to pursue that through his Worker's Compensation claim." *Id.* at 1092.

Mr. Campbell accepted Dr. DeVries's suggestion. On the same day, Mr. Campbell went to Tennova to see the occupational health nurse, Kimber Melton. According to his affidavit, he completed a "report of injury" form.[2] Instead of completing a First Report of Injury with a new date of injury or offering a panel, Ms. Melton directed him to Tennova's occupational medicine physician, Dr. Huffman. Dr. Huffman had treated Mr. Campbell for the previous injury to his thoracic spine and mid-back.

Dr. Huffman found a new injury, which is unrelated to the February injury.[3] His medical records characterized the visit as a "WC follow-up." *Id.* at 551. The records provided the following history:

> He is here today because he was having severe pain in his [right] hip and right lower back......[sic] especially when sitting for too long and getting in/out of vehicle. He went to see Dr[.] Devries [sic] this morning for his hip pain and was told it may be sciatica aggravated by his injury. He states that even though the WC claim has been closed, they felt it would be best for him to have another FU appointment for this. . . . [H]e has known lower back pain[,] which is managed by PCP.

*Id.* at 552. Dr. Huffman diagnosed resolved upper-back injury and "lumbrosacral

---

[2] Mr. Campbell attempted to introduce a copy of this form into evidence during his rebuttal to Tennova's closing argument. Tennova objected in part because the proof phase of the hearing was closed. The Court sustained the objection.

[3] The records are electronically signed by Dr. Bradley Vander Veen. However, Mr. Campbell testified that he saw Dr. Huffman. The parties said they believe Dr. Vander Veen is also associated with Premier Medical Group.

2

radiculitis – *this is new and would not be related to the prior thoracic injury.* Recommend he follow up with PCP and/or ortho for continued treatment, work restrictions etc." *Id.* at 553 (Emphasis added).

On a separate form that states "DOI 2/8/18," Dr. Huffman wrote that he examined Mr. Campbell for lumbar radiculitis. *Id.* at 555. He noted "[m]od duty per orthopedics" and assigned no specific restrictions. On the same form, Dr. Huffman wrote, "This current episode can not [sic] be considered work related due to the Feb 8, 2018 incident[,] which was only Thoracic in nature." *Id.* Mr. Campbell took the restriction notes from Drs. DeVries and Huffman back to Tennova, which took him off the work schedule.

Mr. Campbell continued treating with Dr. DeVries, who discharged him with lifting restrictions at the end of April. *Id.* at 1056. The notes do not contain an impairment rating. Mr. Campbell did not think he could safely perform his work duties with the restrictions, so he retired.

Mr. Campbell filed a Petition for Benefit Determination on February 11, 2019. Tennova filed a First Report of Injury on February 18. Notably, the First Report completed by Ms. Melton listed the date Tennova received notice of the injury as March 12, 2018. It denied the claim on February 28, 2019.

Before the denial, Mr. Campbell gave a recorded statement to the carrier. Due to questions about the accuracy of a typed transcript of that recording, Tennova introduced the actual recording as evidence. Post-hearing, the Court listened to the recording.

The recording revealed that Mr. Campbell told the adjuster he reported the injury on March 12, 2018. He recalled that at the March 12 visit with Dr. DeVries, "I told him that I'd been suffering pain over a period of days, that work had aggravated the pain." Mr. Campbell further stated that he went to Tennova after this visit and saw Ms. Melton. He told the adjuster he "filled out an evaluation form [or] a report of injury form."

On cross-examination during the hearing, Mr. Campbell conceded that no specific incident caused his pain in March 2018. He acknowledged a diagnosis of osteoarthritis in 2013 and back surgery in February 2017. Further, Mr. Campbell confirmed he sought treatment for low-back pain and other conditions with his primary care doctor before March 2018 and that he had made two previous workers' compensation claims.[4] He said his job duties brought on regular "aches and pains," but the March 5 pain was of greater severity and to specific body parts. Mr. Campbell agreed that no physician said that his March 5 injury arose primarily out of employment with Tennova.

---

[4] These claims were the February 2018 thoracic back injury and a knee injury in November 2014.

Mr. Campbell introduced medical bills and a recap of his mileage from his past treatment for the March 2018 injury into evidence without objection from Tennova.

Tennova raised a notice defense. It contended that when Mr. Campbell came to Tennova on March 12, he did not report a new injury. Tennova additionally argued that Mr. Campbell did not allege a specific incident that caused his injury, the injury was pre-existing, and no physician stated that Mr. Campbell's condition arose primarily out of his employment. As for the medical bills and mileage, Tennova argued that, because it contests compensability, payment at the interlocutory stage is inappropriate.

## Findings of Fact and Conclusions of Law

Mr. Campbell must present sufficient evidence that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Notice*

The Court first turns to Tennova's notice defense. Tennova contended that Mr. Campbell did not characterize his condition as a new injury during the March 12, 2018 conversation with Ms. Melton. Importantly, Tennova did not call Ms. Melton as a witness.

Thus, the issue turns, in part, on Mr. Campbell's credibility. In *Kelly v. Kelly,* 445 S.W.3d 685, 694-695 (Tenn. 2014), the Tennessee Supreme Court instructed trial courts to consider whether a witness is "calm or agitated, at ease or nervous, self-assured or hesitant, steady or stammering, confident or defensive, forthcoming or deceitful, reasonable or argumentative, honest or biased." The Court observed Mr. Campbell's demeanor and finds he was calm, at ease, self-assured, steady, confident, forthcoming, reasonable and honest.

Although Mr. Campbell offered no written proof that he told Ms. Melton he suffered a new injury in their March 12 conversation, his affidavit states that he completed an injury report at that time. He also told the adjuster that he reported the injury on March 12, which Ms. Melton wrote on the First Report of Injury. Further, although Tennova disclosed Ms. Melton as a potential witness, it did not call her to testify. Tennessee law supports a finding that the failure of a party to call a witness peculiarly within its power to produce, and whose testimony "would naturally be favorable" to it, "creates an adverse inference that the testimony would not favor his contentions." *State v. Middlebrooks,* 840 S.W.2d 317, 334 (Tenn. 1992) (superseded by statute on other grounds). Therefore, the Court finds Tennova received timely notice of the new, low-back injury on March 12, 2018.

4

*Medical Causation*

The next question is whether Mr. Campbell suffered an injury as defined in the Workers' Compensation Law. Tennova argued that he failed to allege a specific, injury-causing event. While that is true, the statutory definition of "injury" provides that, in addition to a specific event, an injury may include an aggravation of a pre-existing condition or a gradually-occurring injury. Tenn. Code Ann. § 50-6-102(14)(A). Further, under the statute, the employee must show "by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." *Id.* at § 50-6-102(14)(B).

Here, Tennova argues that no physician provided an opinion that satisfies the above statutory requirements. The Court agrees. However, at the interlocutory phase, Mr. Campbell is not required to do so. In *McCord,* the Appeals Board concluded that, at an expedited hearing, an employee need not prove each and every element of his claim by a preponderance of the evidence but instead has the burden to come forward with sufficient evidence from which the trial court can determine he is likely to prevail at a hearing on the merits. *Id.* at *9. The Board explained:

> [W]hether the alleged work accident resulted in a compensable injury has yet to be determined. Therefore, while Employee has not proven by a preponderance of the evidence that she suffered an injury arising primarily out of and in the course and scope of employment, she has satisfied her *burden at this interlocutory stage* to support an Order compelling Employer to provide a panel of physicians.

*Id.* at *17 (emphasis added). Thus, the question becomes whether Mr. Campbell provided sufficient evidence to satisfy his "burden at this interlocutory stage" that he is entitled to medical benefits.

Mr. Campbell plausibly testified he associated frequent, heavy lifting at Tennova with his onset of low-back pain. This Court found he provided adequate notice of the alleged injury to his low back, but Tennova failed to offer a panel. On this record, the Court holds Mr. Campbell provided sufficient evidence to satisfy his burden at this interlocutory stage that he is entitled to medical benefits. *See also Lewis v. Molly Maid,* 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *5-6 (Apr. 20, 2016) (Where the employee's unrefuted testimony was that she experienced back pain after operating the employer's equipment, the employee did not come forward with sufficient evidence to establish that she suffered a compensable injury but did provide sufficient evidence to establish her entitlement to a panel of physicians).

5

As for Tennova's argument that the injury was pre-existing, no physician has made this determination yet. Thus, the Court rejects this contention at this time.

*Requested Relief*

Ordinarily this Court would order that Tennova offer a panel. However, "[i]n circumstances where an employer refuses to provide medical treatment and/or denies an employee's claim, such employer runs the risk that a physician of the employee's choosing will be designated the authorized physician and that the employer will be responsible for paying for treatment provided by that physician." *Blevins v. S. Champion Tray, LP,* 2019 TN Wrk. Comp. App. Bd. LEXIS 29, at *16-17 (July 1, 2019). Here, Mr. Campbell reasonably obtained treatment with another physician. Having established a doctor-patient relationship with Dr. DeVries, he should not now be required to choose a different treating physician. Thus, Dr. DeVries shall become the authorized treating physician.

As for the medical bills and mileage, the Court agrees with Tennova that ordering their payment is premature at the interlocutory stage and denies this request at this time.

Mr. Campbell also seeks temporary disability benefits. To receive these, he must prove (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Constr. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). Here, Mr. Campbell has yet to show that Dr. DeVries believes his injury is work-related. Therefore, the Court holds this request is likewise premature but may be revisited.

*Penalty Referral*

The Court previously found that Mr. Campbell gave notice of his injury to Tennova on March 12, 2018. He filed his Petition for Benefit Determination in February 2019. Later that same month, Tennova filed a First Report of Injury and a denial of the claim. The Court is concerned that Tennova might have violated three of the Bureau's Claims Handling Standards.

First, Tennessee Compilation Rules and Regulations 0800-02-01-.05(2) (May, 2018) provides: "[E]mployers shall report all known or reported accidents or injuries to their adjusting entity within one (1) business day of knowledge of injury." Tennova's First Report of Injury and denial were not completed until February 2019, almost one year after the alleged date of injury. The Court does not know whether Tennova reported Mr. Campbell's injury to its adjusting entity within one business day of knowledge of the injury, which the Court found as March 12, 2018. The question warrants further

6

investigation.

Second, the rules state, "Decisions on compensability shall be made by the adjusting entity within fifteen (15) calendar days of the verbal or written notice of injury." Tenn. Comp. R. & Regs. 0800-02-14-.04(6) (August, 2018). Mr. Campbell did not receive notice of the denial within fifteen days of reporting the injury on March 12, 2018. The question warrants further investigation.

Third, Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) states, "[In] any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1) to be the treating physician." The Court finds that Tennova failed to offer a panel but rather directed Mr. Campbell to Dr. Huffman. This question also warrants further investigation.

For these reasons, the Court refers this case to the Compliance Unit to consider the imposition of penalties.

**IT IS, THEREFORE, ORDERED** as follows:

1. Tennova or its carrier shall provide additional treatment of Mr. Campbell's low-back injury with Dr. DeVries.

2. Mr. Campbell's requests for payment of past medical and mileage expenses and temporary total disability benefits are denied at this time.

3. This case is referred to the Compliance Unit to consider the imposition of penalties.

4. This matter is set for a Scheduling Hearing on **August 26, 2019, at 9:45 a.m. Central.** The parties must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call might result in a determination of the issues without the party's participation.

5. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

7

**ENTERED July 16, 2019.**

*[signature]*

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Affidavit
2. Notice of Denial
3. Wage Statement
4. First Report of Injury, February 9, 2018
5. First Report of Injury, February 18, 2019
6. Composite medical records
7. Optum/Gallagher Bassett notice about benefits (Identification only)
8. Medical bills and mileage
9. Recording of Mr. Campbell's statement to adjuster

Technical record:
1. Petition for Benefit Determination
2. Employer's position statement
3. Dispute Certification Notice
4. Request for Expedited Hearing
5. Employer's Witness and Exhibit List
6. Employer's Pretrial Brief

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on July 16, 2019.

| Name | Certified Mail | Via Email | Service sent to: |
|------|---------------|-----------|------------------|
| Michael Campbell, self-represented employee | X | X | Campbell393@bellsouth.net 2625 Rawlings Road, Woodlawn TN 37191 |
| Terri Bernal, employer's attorney | | X | tbernal@chartwelllaw.com |

Penny Shrum, Court Clerk
WC.CourtClerk@tn.gov